# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 96 | **DATE** | 10/27/2003 |
| **CASE TITLE** | Simmons vs. Kmart Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The decision of the Bankruptcy Court is affirmed with respect to its denial of Appellant's motion to have her proof of claim deemed to be timely filed and its denial of Appellant's motion to be included in the supplemental bar date.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 2 8 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 20 |
| TH✓ | courtroom deputy's initials | 03 OCT 27 PM 3:42 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KMART CORPORATION, et al., | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | No. 03 C 0096 |
| | ) | |
| WILHEMINA SIMMONS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KMART CORPORATION, et al., | ) | |
| | ) | |
| Appellees. | ) | |

DOCKETED
OCT 2 8 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Appellant Wilhemina Simmons appeals the denial of two motions by the Bankruptcy Court for the Northern District of Illinois: (1) her Motion to Have her Proof of Claim Deemed to be Timely Filed ("First Motion"), and (2) her Motion to be Included in the Supplemental Bar Date ("Second Motion"). In the First Motion, Appellant argues that her delay in filing her proof of claim in Appellee's bankruptcy proceeding was the result of excusable neglect. In the Second Motion, Appellant argues that the Bankruptcy Court should have included her in a class of creditors who were never sent notice of the claims bar date. For the reasons stated below, the Court affirms the decision of the Bankruptcy Court on both motions.

### STANDARDS

In the course of a district court's decision to affirm, modify, or reverse an order of a

20

bankruptcy court, "[f]indings of fact . . . shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. Accordingly, "if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact." *Matter of Love*, 957 F.2d 1350, 1354 (7th Cir. 1992) (quoting *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988)). The Court reviews a bankruptcy court's decisions of law *de novo*. *In re Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990).

## BACKGROUND

Simmons is a creditor of Appellees, debtors in bankruptcy, based on a personal injury claim of $750,000. (R. 8-1, Br. of Appellant p. 1.) The Bankruptcy Court established July 31, 2002, as the deadline for the filing of proofs of claim. The Bankruptcy Court proceedings would not include creditors filing after this claims bar date. Although located in the Virgin Islands, Simmons's attorneys waited until July 30, 2002, to attempt to file a proof of claim on behalf of Simmons. *(Id.)* On that day, a clerk at the law firm representing Simmons not only mailed the proof of claim two hours after the "next day" delivery deadline, but also designated the package for "second day" delivery. *(Id.)* As a result, the claims processing agent did not receive Simmons's proof of claim by the claims bar date, but rather, a day later. (R. 11-1, Br. of Appellee p. 3.) Although the proof of claim form recommended that creditors include a self-addressed, stamped envelope to confirm receipt, Simmons's attorneys did not do so. *(Id.)* Appellant, therefore, credibly claims that she did not know of her delinquency until the claims administrator sent notice of untimely filing on September 23, 2002. *(Id.* at p. 4.) Nearly a month later, on October 21, 2003, Simmons filed the First Motion requesting the Bankruptcy Court to allow her proof of claim under a theory of

2

excusable neglect. (*Id.*) The Bankruptcy Court denied the First Motion, and Appellant subsequently filed the Second Motion, seeking to have the later supplemental bar date applied to her claim. (*Id.*) The Bankruptcy Court also denied that motion. The appeal in this case followed.

## ANALYSIS

### I. The Excusable Neglect Standard

Simmons does not contest the fact that she filed her proof of claim one day late. Rather, she contends that her late filing was the result of "excusable neglect," which allows a court to permit a late filing according to Bankruptcy Rule 9006(b).

> [W]hen an act is required . . . to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b). In determining whether excusable neglect exists, a court should consider "all relevant circumstances," including the following factors: (1) the danger of prejudice to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993) (noting that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

### II. The Bankruptcy Court's Denial of Excusable Neglect

#### A. Prejudice to the Debtor

Citing the amount of the claim at issue, and the large number of total claims asserted against

3

the Appellees, Judge Sonderby found that the day-late filing was prejudicial to the debtor. (R. 11-1, App. to Appellee's Br. Ex. A, pp. 126-127.) Appellant points out that the Bankruptcy Court allowed "numerous other late-filed claims to be deemed timely, including one claim in the amount of $400,000." (R. 13-1, Appellant's Reply Br. p. 2.) With respect to that particular claim, however, the Bankruptcy Court specifically allowed the late-filed claim "primarily because there [was] a minor involved." (R. 11-1, App. to Appellee's Br. Ex. H, p. 123.) The $400,000 claim, and the other claims cited by the Appellant, are factually distinguishable from Appellant's claim. The simple fact that the Bankruptcy Court allowed distinguishable late-filed claims does not support the argument that Simmons's late filing did not prejudice Appellees.

Simmons also argues that her claim constitutes the "merest fraction" of the total claims asserted against Appellees, and therefore could not prejudice the Appellees. This argument is similarly unavailing. The Bankruptcy Court knew of the total number of claims against Appellees, and still found that Appellant's claim was "no small amount." Appellant has not presented any controlling case law, and this Court has found none, supporting Appellant's argument that the relative amount of her claim renders it non-prejudicial. The Bankruptcy Court's finding of prejudice is not clearly erroneous.

### B. Length of Delay, And Its Potential Impact on Judicial Proceedings

Appellant argues that the Bankruptcy Court did not specifically consider the fact that Appellant filed her proof of claim only one day late, and that the court therefore ruled in error. In support of this argument, Appellant identifies several cases in which courts have found excusable neglect for filings made as many as twenty days late. *Pioneer*, 507 U.S. 380; *In re Cendent Corp. Prides Litigation*, 235 F.3d 176, 183 (3rd Cir. 2000); *In re Dartmoor Homes, Inc.*, 175 B.R. 659, 666-

4

67 (Bankr. N.D. Ill. 1994); *In re Humblewitt Farms, Inc.*, 23 B.R. 703, 705 (S.D. Ill. 1982). The only controlling case that Appellant cites is *Pioneer*, in which the Supreme Court held that courts must take into account *all relevant circumstances* in excusable neglect cases. *Pioneer*, 507 U.S. at 395. While the Bankruptcy Court may not have expounded upon the effect of a one-day late filing, it appears to have considered the effect of this delay and the subsequent delay by Appellant in filing a motion. (R. 11-1, App. to Appellee's Br. Ex. A, pp. 126-127.) Further, Simmons does not contest the fact that the proof of claim form directed her attorneys to include a self-addressed, stamped envelope with the proof of claim, and they neglected to do so. Thus, the entire delay between the day-late filing and the filing of the First Motion can be traced to Simmons's actions. Based on the record before the Bankruptcy Court, it is not clearly erroneous to conclude that Appellant's delays support a denial of excusable neglect.

### C. Reason for Delay

Judge Sonderby also found that the delay in filing was entirely in Simmons's control. (R. 11-1, App. to Appellee's Br. Ex. A, pp. 126-127.) This finding is also not clearly erroneous, as Appellant does not dispute that her attorneys waited until the "last minute" to prepare the filing. (*Id.*) Appellant argues that the neglectful actions of her attorneys' mail clerk caused the delay in filing. At the hearing, however, Appellant had the opportunity to explain why she had waited until the day before the proof of claim was due before attempting to file. Appellant's attorney answered, "I can't answer. I only know that's when they prepared it. That's when they gave it to the clerk to file." (*Id.* at p. 122.) In choosing to focus on the mail clerk's actions, Appellant ignores the months during which she could have timely filed her proof of claim. The Bankruptcy Court's finding that the delay fell within Appellant's control is not clearly erroneous.

### D. Appellant's Good Faith

Appellant also finds fault with the Bankruptcy Court's failure to consider the Appellant's good faith. Appellants concede that "if the other *Pioneer* factors weigh against the claimant, the one factor addressing good faith will not alone be the determining factor." (R. 13-1, Appellant's Reply Br. p. 9.) *Pioneer*, 507 U.S. at 398. At best, the record shows that Appellant waited until the day before the claims bar date to attempt to send proof of a $750,000 claim from the Virgin Islands to Connecticut. It is not difficult to imagine stronger showings of good faith. Even though the Bankruptcy Court did not discuss the Appellant's good faith, or lack thereof, in its holding, it is not clear that the court did not consider that factor. Regardless, even assuming that the record shows some amount of good faith on the part of Appellant, this factor does not overcome the totality of the circumstances in this case.

### III. The Bankruptcy Court Did Not Err in Denying the Second Motion

#### A. The Supplemental Claims Bar Date

Pursuant to the Bankruptcy Court's order, Appellees sent notice of the original claims bar date to approximately one million potential claimants. (R. 11-1, App. to Appellee's Br. Ex. E, p. 4.) Subsequently, Appellees learned that they had inadvertently failed to send notice of the claims bar date to approximately 4,000 claimants. (*Id.* at 5.) To remedy this oversight, and to sooth due process concerns, Appellees moved the Bankruptcy Court to establish the supplemental claims bar date, which would ensure that those claimants who had not been sent notice of the claims bar date would have a later opportunity to file proofs of claim. Appellee did not include Appellant in the schedule of supplemental bar date claimants. Appellant sought to be included as such a claimant after her First Motion failed. The Bankruptcy Court refused, characterizing Appellant's Second

6

Motion as a second bite of the apple.

**B. Notice Issue**

Appellant contends that although Appellees did attempt to send her notice of the original claims bar date, they sent it to an incorrect address, and as a result she never received personal notice. Accordingly, as a creditor that did not appear on the debtors' schedule, she argues that the Court should count her among the supplemental bar date claimants. Appellee objects that the supplemental claims bar date is for those claimants that were not *sent* notice, and because Appellee sent notice to the address in their records, Appellant does not qualify for the supplemental claims bar date.

Appellees offer several other objections, one of which contends that notice to Appellant's attorneys is imputed to Appellant herself. In response, Simmons contends that because the attorneys in question were not on file as her attorneys of record, their actual admitted notice cannot be imputed to her. Appellant's position is subtle, but unsustainable. While Simmons now claims that the noticed attorneys were not her attorneys of record[1], she has never claimed that they did not represent her at the relevant time. She has never claimed that there was no attorney-client relationship. Further, at some point before the original claims bar date, the noticed attorneys must have begun acting on behalf of Simmons, as Simmons's attorney admitted at hearing that the attorneys had notice of the claims bar date. In the absence of any evidence of prejudice to Appellant, this Court imputes the actual notice of Simmons's attorneys to Simmons herself for the purpose of determining whether or not Appellees should have included her in the supplemental claims bar date. *See In re Marino*, 195 B.R. 886, 895 (Bankr. N.D. Ill. 1996) (holding that "[i]t is well recognized that an

---

[1]Simmons failed to raise this argument in connection with the First Motion.

7

attorney's actual notice of the pendency of a bankruptcy may be imputed to his client if it occurs within the scope of the attorney-client relationship"); *People ex. Rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989) (examining constitutionality of hearing notice and noting that "[w]ith regard to due process, the Supreme Court has directed us to look at the totality of circumstances in determining whether notice was reasonable").

The supplemental claims bar date existed to protect the rights of those claimants who were not sent notice of the claims bar date. (R. 11-1, App. to Appellee's Br. Ex. E, p. 4.) Appellant had notice of the claims bar date and is not in need of the protection of the supplemental claims bar date. The Bankruptcy Court did not err in refusing to apply the supplemental claims bar date to Simmons.

## CONCLUSION

The Bankruptcy Court correctly denied Appellant's Motion to Have Her Proof of Claim Deemed to be Timely Filed and her Motion to be Included in the Supplemental Bar Date. Affirmed.

Dated: October 27, 2003              ENTERED

                                     AMY J. ST. EVE
                                     United States District Court Judge